# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

MOHAMED FERJANI,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 725 044

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:*

Mohamed Ferjani, a citizen of Tunisia, petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of his application for withholding of removal.

Prior to visiting the United States, Ferjani was a resident of Mexico during his marriage to a Mexican citizen, but his permission to remain there ended in 2004. Ferjani lawfully entered the United States as a non-immigrant

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60530

B2 visitor in February 2005, but remained past August 2005, without authorization, and became employed for wages without authorization. The Government issued a notice to appear in February 2011 and placed Ferjani in removal proceedings.

At the removal hearing before the IJ, Ferjani conceded removability but requested to proceed on an application for withholding of removal, claiming he feared he would be persecuted if forced to return to Tunisia for having lived in the West. The IJ rejected his request based on the determination Ferjani left Tunisia for economic reasons and failed to meet his burden. Ferjani was ordered removed, and his appeal to the BIA was dismissed.

Ferjani claims the evidence compels the conclusion that he fears persecution if removed to Tunisia based on his membership in a particular social group. We review only the BIA's decision unless the BIA's determination was impacted by the IJ's ruling. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Whether an alien has demonstrated eligibility for withholding of removal is a factual determination, reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, an immigration court's factual findings must be upheld unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang*, 569 F.3d at 537. It is Ferjani's burden to demonstrate the evidence compels a contrary conclusion. *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Ferjani is entitled to withholding of removal if he shows there is a "clear probability" of persecution upon his return to Tunisia. *See Kane v. Holder*, 581 F.3d 231, 238 (5th Cir. 2009). The "clear probability" standard has been interpreted to mean "it is more likely than not that his life or freedom would be threatened by persecution on account of race, religion, nationality,

2

membership in a particular social group, or political opinion". *Id*.; *see also* 8 C.F.R. § 1208.16(b)(2).

Ferjani's contention that the IJ did not properly analyze whether he suffered past persecution or feared future persecution is not supported by the record. The IJ's finding, with which the BIA agreed, that Ferjani did not suffer past persecution or feared future persecution is supported by evidence. The evidence established Ferjani first left Tunisia in 1991 to work for an international luxury-vacation company at locations in the Caribbean. He moved to Mexico in 1994 and remained there for ten years, but returned to Tunisia for his brother's wedding in 2004. He was arrested during that trip and held for a four-hour detention, but chose to remain in Tunisia an additional five months after his arrest before returning to the United States. Although Ferjani offered testimony that his brother had been jailed in Tunisia arbitrarily for one week in 2010 and that Ferjani's father told him men in Tunisia were looking for him, the IJ properly concluded Ferjani's decision to remain five months after his arrest supported the conclusion he had not faced persecution there. *See Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996) (defining "persecution"). Having failed to establish past persecution, he is not entitled to a rebuttable presumption that his life or freedom would be threatened in the future in Tunisia. *See* 8 C.F.R. § 1208.16(b)(1)(i).

The record also does not support Ferjani's assertion that the IJ improperly analyzed whether he was a member of a particular social group. The IJ and the BIA used the following factors to determine the existence of a particular social group: "(1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership". *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th

Cir. 2012) (emphasis in original) (internal quotation marks and citation omitted). Ferjani defined his purported group as individuals who fear returning to their home countries after living in Mexico or the United States because their home countries will persecute them based on the belief they will corrupt society with Western ideas.

Substantial evidence supports the BIA's determination that Ferjani was not a member of a particular social group subjected to persecution. Ferjani has not demonstrated the proposed group has the requisite social visibility or immutable traits that make it readily identifiable or distinguishable from the general population. *See id.* Moreover, although he urges his arrest in Tunisia sets him apart from Tunisian society, the record is devoid of evidence connecting Ferjani's arrest and brief detention to the time he spent in Mexico and the United States, or to a belief that his adaptation of Western values posed a threat to Tunisian society.

DENIED.